IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL D. LEATHERWOOD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-12-251-C |
| JOHN WHETSEL, et al., | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights. United States District Judge Robin C. Cauthron has referred the matter to the undersigned Magistrate Judge[1] for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Now before the Court is Plaintiff's Motion Requesting a Temporary Restraining Order and Preliminary Injunction [Doc. No. 39], directed to the Oklahoma County District Attorney's Office, and Defendants Prater, Geiger, and Welker. Defendants Prater, Gieger, and Welker have responded. Thus, the matter is at issue and ready for disposition.

## I. INTRODUCTION

By his motion, Plaintiff seeks an order "enjoining the Oklahoma County District Attorney's Office and Defendants David Prater, Gayland Gieger and Denise Welker in their official and individual capacities from enforcing the release of conditions of Plaintiff's probation during the course of Plaintiff's incarceration." Plaintiff's Motion, 1.

---

[1] The action was initially referred to Magistrate Judge Robert Bacharach, but has since been transferred to the undersigned.

On May 18, 2009, Plaintiff pled guilty to six (6) counts of Rape. He was sentenced to twenty (20) years imprisonment on each count to run concurrently, with all but the first ninety (90) days suspended. First Amended Complaint, ¶ 11. On January 8, 2010, Plaintiff's suspended sentences were partially revoked, and he was ordered to begin serving five years on each of the suspended twenty-year sentences; fifteen years of each sentence remained suspended. *Id.* at ¶ 10; Case No. CF-2007-4162, District Court of Oklahoma County. Upon the partial revocation, Plaintiff was incarcerated at the Oklahoma County Detention Center until his transfer to Oklahoma Department of Corrections (DOC) custody on September 3, 2010. *Id.* at ¶ 15-16. He claims that during this time, his mail was improperly handled for the purpose of monitoring compliance with conditions of release. *Id.* at ¶ 17. He contends that the conditions of release were inapplicable during the time of his incarceration at the Oklahoma County Detention Center. *Id.*

Defendants Prater, Geiger, and Welker object to the motion for preliminary injunctive relief on several grounds. They first contend that Plaintiff's claim for injunctive relief is moot. Response of Prater and Gieger, 3; Response of Welker, 3. Second, they claim that Plaintiff cannot show that he will suffer irreparable harm if the injunction is not granted because his suspended sentences have now been fully revoked. Response of Prater and Gieger, 4; Response of Welker, 4. Third, Defendants argue that Plaintiff is unlikely to succeed on the merits for several reasons: that he was aware that his mail was subject to inspection; was aware of the terms of his probation

as a convicted sex offender; has failed to show any class-based or differential treatment in the handling of his mail; that abstention under *Younger* is appropriate; and that his claim is premature under *Heck v. Humphrey*, 512 U.S. 477 (1994). Response of Prater and Gieger, 5-14; Response of Welker, 5-14.

## II. DISCUSSION

### A. Temporary Restraining Order is Inappropriate at this Juncture

Before proceeding to discussion of Plaintiff's motion for preliminary injunction, the undersigned recommends that Plaintiff's motion for temporary restraining order be denied. Temporary restraining orders are a special type of injunctive relief that is granted without notice to the adverse parties when the procedural safeguards of Fed. R. Civ. P. 65(b) are "scrupulously honored." *See* 11A C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* 2d § 2952; *see also Commercial Security Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1356 (10th Cir. 1972) (strict compliance with Rule 65(b) is required for temporary restraining order).

It is clear that at the time Plaintiff filed his request for injunctive relief, counsel represented the parties against whom injunctive relief is sought, and Defendants were served with a copy of his motion. Accordingly, there is no need to address the appropriateness of a temporary restraining order as Plaintiff has clearly moved beyond that point and is instead seeking what is properly characterized as preliminary injunctive relief. Plaintiff's request for a temporary restraining order should therefore be denied. *See Commercial Security Bank*, 456 F.2d at 1356 (reversing the district court's issuance

3

of a temporary restraining order in part because the court had failed to comply with Fed.R.Civ.P. 65(b)). The undersigned will now turn to Plaintiff's request for a preliminary injunction.

### A. Plaintiff's Request for a Preliminary Injunction is Moot

Defendants Prater, Gieger, and Welker argue that Plaintiff's request for a preliminary injunction prohibiting application of release conditions during the course of Plaintiff's incarceration should be denied as moot. Response of Prater and Gieger, 3; Response of Welker, 3. The undersigned agrees for two reasons.

First, Plaintiff's claims in this action concern the time he was incarcerated in the Oklahoma County Detention Center. He has failed to make any claim for the application of release conditions since the complete revocation of his suspended sentence and subsequent transfer to an Oklahoma Department of Corrections (DOC) facility. "When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." *Kansas Judicial Review v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009); *see Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir.), *cert. denied*, __U.S. __, 131 S.Ct. 469 (2010) (A prisoner's transfer from one prison to another moots claims for declaratory or injunctive relief against officials at the prior prison); *cf. Green v. Branson*, 108 F.3d 1296, 1299-1300 (10th Cir.1997) (holding that release from prison moots claims for declaratory and injunctive relief).

Second, when Plaintiff was in the Oklahoma County Detention Center, he was

incarcerated pursuant to a *partial* revocation of his suspended sentences; fifteen years of his original sentences remained suspended. *See* Plaintiff's Motion, ¶ 15. Now that his suspended sentences have been fully revoked, *Id.* at ¶ 20, his request for an injunction prohibiting the imposition of release provisions pursuant to his formerly suspended sentences would have no practical effect. *Kansas Judicial Review*, 562 F.3d at 1246.

### B. Elements Required to Show Entitlement to Preliminary Injunctive Relief

Even if Plaintiff's motion for injunctive relief did not suffer from the defects noted above, he has not established the general criteria required for the issuance of a preliminary injunction. To obtain a preliminary injunction, a party must establish: (1) "a substantial likelihood of success on the merits;" (2) "irreparable harm to the movant if the injunction is denied;" (3) "the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party;" and (4) "the injunction, if issued, will not adversely affect the public interest." *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007). "If the plaintiff can establish that the latter three requirements tip strongly in his favor, the test is modified, and the plaintiff may meet the requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002).

5

### 1. Likelihood of Success on the Merits

For the reasons explained below, the undersigned finds that Plaintiff has failed to establish that the latter three elements tip strongly in his favor, and so the "substantial likelihood" test will be applied in considering the first criterion.

Plaintiff's claim involves the Oklahoma County Detention Center's handling of his "personal mail." First Amended Complaint, 4. Although "[c]orrespondence between a prisoner and an outsider implicates the guarantee of freedom of speech," *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996), the control of mail to and from prisoners is a necessary adjunct to penal administration. *See Thornburgh v. Abbott*, 490 U.S. 401, 407-08 (1989) (acknowledging that prison officials are better equipped than the judiciary to deal with the security implications of interactions between prisoners and the outside world); *see also United States v. Gordon*, 168 F.3d 1222, 1228 (10th Cir. 1999) ("In the case of unprivileged incoming and outgoing mail, regulation by prison officials is essentially an administrative matter in which the courts will not intervene."). Moreover, Plaintiff concedes that during the time his mail was being monitored he was serving only a portion of his previously suspended sentence; fifteen years of that sentence remained suspended. Plaintiff's Motion, ¶ 11, 15, 20. Finally, the Oklahoma Court of Criminal Appeals found in its Summary Opinion affirming the full revocation of Plaintiff's sentence that Plaintiff was still subject to special conditions of probation for sex offenders during the time he was incarcerated pursuant to the partial revocation:

> [Leatherwood] was at all times on each count serving but one sentence on one judgment, said sentences to run

> twenty years. Until those suspended sentences have been fully served, [Leatherwood] remains under the jurisdiction of the trial court with sentences subject to revocation. [Leatherwood] was specifically told by the District Court that he "cannot have a relationship with a person who has minor children" yet he blatantly disregarded that admonition.

Case No. RE-2010-780, Oklahoma Court of Criminal Appeals (Jan. 13, 2012) (attached to Plaintiff's Objection to Motion to Dismiss of Defendants Prater and Gieger, Ex. 4). Accordingly, Plaintiff's contention that it was improper to monitor his mail to ensure compliance with the terms of his remaining suspended sentence is of doubtful merit.

Finally, Defendants Prater, Gieger, and Welker argue that that the Court should abstain from consideration of Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37 (1971), because at the time this action was filed, Plaintiff had a pending post-conviction application attacking the full revocation of his sentences. Prater and Gieger's Response, 8; Welker's Response, 8. Defendants also argue that to the extent Plaintiff is claiming his suspended sentences were unlawfully revoked due to monitoring of his mail, his claim for damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In light of the established penological interests involved in the control of inmate mail; the Oklahoma Court of Criminal Appeals' finding that while Plaintiff was incarcerated at the Oklahoma County Detention Center Plaintiff he was subject to the release conditions with regard to the part of his sentence that remained suspended; and the potential obstacles presented by the *Younger* and *Heck* doctrines, the undersigned finds that there is not a substantial likelihood that Plaintiff will prevail on the merits of his claims.

### 2. Irreparable Harm if the Preliminary Injunction is Denied.

Plaintiff has also failed to show irreparable harm if the preliminary injunction is denied. As noted above, Plaintiff's suspended sentences have now been revoked in full. Thus, he could not be irreparably harmed in the unlikely event that Defendants Prater, Gieger, and Welker attempt to enforce the release conditions of his previously suspended sentences. Plaintiff states in his affidavit in support of his request for injunctive relief that he has "a legitimate concern that the Oklahoma County District Attorney's Office and David Prater, Gayland [sic] Gieger, and Denise Welker may continue to direct the seizure, photocopying and production of my innocent personal correspondence." Affidavit in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, ¶ 20. However, his concern is based solely on the fact that these Defendants allegedly engaged in such conduct in the past—during his incarceration pursuant to a partial revocation of his suspended sentence. *Id.* The undersigned finds it unlikely that Defendants either would or could direct DOC to produce Plaintiff's personal correspondence based on release conditions that were imposed in connection with suspended sentences that have since been fully revoked. Indeed, Defendant Welker has retired from her job as probation officer, is no longer employed with the State, and has no intent to return. Welker's Response, Ex. 4 ¶ 4-5. However, the fact remains that monitoring Plaintiff's mail to ensure compliance with release conditions could not cause Plaintiff irreparable harm.

### 3. Balancing Harm Against Threatened Injury/Public Interest

Finally, Plaintiff has failed to demonstrate either that the threatened injury would outweigh the burden caused by the injunction, or that entry of the injunction would not be adverse to the public interest. For the reasons discussed above, the threatened injury is for all practical purposes nonexistent. Furthermore, the type of injunction Plaintiff seeks—a mandatory injunction—"affirmatively require[s] the nonmovant to act in a particular way, and . . . place[s] the issuing court in a position where it may have to provide ongoing supervision to assure that the nonmovant is abiding by the injunction." *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1099 (10th Cir. 1991), *overruled on other grounds, O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir.2004) (en banc) (this court's delineation in *SCFC ILC* of three types of disfavored preliminary injunction is well-reasoned and consistent with the historic purpose of the preliminary injunction). This is a "specifically disfavored" type of injunction, and Plaintiff has a "heightened burden" of showing that "the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *O Centro Espirita Beneficiente Uniao Do Vegetal*, 389 F.3d at 975. Thus, he "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *Id.* at 976. The undersigned finds that Plaintiff has failed to make the strong showing required for a mandatory injunction, and so the public interest weighs against the issuance of a preliminary injunction directed to Defendants Prater, Gieger, and Welker.

## RECOMMENDATION

In light of the foregoing, it is recommended that **Plaintiff's Motion Requesting a Temporary Restraining Order and Preliminary Injunction [Doc. No. 39]** be **denied**. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by September 11, 2012, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation **does not** dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 21st day of August, 2012.**

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE